Natalie P. Vance, Esq., Bar No. 206708
Ian A. Rambarran, Esq., Bar No. 227366
**KLINEDINST PC**
1107 9th Street, Suite 680
Sacramento, California 95814
(916) 444-7573; FAX (916) 444-3592

Attorneys for Defendants, **RESURGENT CAPITAL SERVICES, L.P. AND SHERMAN FINANCIAL GROUP, LLC**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT W. GALBRAITH, individually and on behalf of other similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>RESURGENT CAPITAL SERVICES, L.P. AND SHERMAN FINANCIAL GROUP, LLC,<br><br>    Defendants. | Case Number:<br>2:05-CV-02133-DFL-KJM<br><br>**RESURGENT CAPITAL SERVICES, L.P.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>CourtRoom:   No. 7<br>Judge:   David F. Levi<br>Complaint Filed:<br>Trial Date:   None Set. |

Comes now Defendant Resurgent Capital Services, L.P. ("RCS") for its Answer to the Complaint of Plaintiff Robert W. Galbraith ("Plaintiff"), denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

1.  In response to paragraph 1 of Plaintiff's Complaint, Defendant RCS states that as said paragraph makes no allegations against it, no response is required of it. To the extent a response is deemed necessary, RCS states that the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* speaks for itself, while denying the content of said paragraph to the extent, if any, that it misrepresents, misinterprets or otherwise misconstrues the

1  FDCPA or case law interpreting it.

2       2.      In response to paragraph 2 of Plaintiff's Complaint, Defendant RCS states that as
3  said paragraph makes no allegations against it, no response is required of it.  To the extent a
4  response is deemed necessary, RCS states that the Rosenthal Fair Debt Collection Practices Act
5  ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.* speaks for itself, while denying the content of said
6  paragraph to the extent, if any, that it misrepresents, misinterprets or otherwise misconstrues the
7  RFDCPA or case law interpreting it.

8       3.      In response to paragraph 3 of Plaintiff's Complaint, Defendant RCS admits that
9  Plaintiff has brought this action alleging violations of the FDCPA and RFDCPA, but denies that
10 it has violated any law.

11      4.      In response to paragraph 4 of Plaintiff's Complaint, Defendant RCS admits that
12 the referenced statutes confer jurisdiction upon this court but denies that jurisdiction is
13 appropriate because it has not violated any law.

14      5.      In response to paragraph 5 of Plaintiff's Complaint, Defendant RCS admits that
15 Plaintiff has brought this action alleging violations of the FDCPA and RFDCPA, but denies that
16 it has violated any law.

17      6.      In response to paragraph 6 of Plaintiff's Complaint, Defendant RCS admits that it
18 does business in California.  To all other extents, RCS has insufficient information and
19 knowledge to either admit or deny the allegations therein set forth and therefore denies the same
20 and puts Plaintiff to his strictest burden of proof thereof.

21      7.      In response to paragraph 7 of Plaintiff's Complaint, Defendant RCS admits that
22 the referenced statute confers venue upon this court but denies that venue is proper because it has
23 not violated any law.

24      8.      In response to paragraph 8 of Plaintiff's Complaint Defendant RCS states that no
25 response is required because said paragraph seeks a conclusion of law.  To the extent a response
26 is required, RCS has insufficient information and knowledge to either admit or deny the
27 allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden
28 of proof thereof.

9. In response to paragraph 9 of Plaintiff's Complaint Defendant RCS states that no response is required because said paragraph seeks a conclusion of law. To the extent a response is required, RCS has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof.

10. RCS admits the allegations set forth in paragraph 10 of Plaintiff's Complaint.

11. In response to paragraph 11 of Plaintiff's Complaint, Defendant RCS admits that Sherman Financial Group, LLC ("SFG") has an office in New York, New York, but, upon information and belief, denies that SFG holds itself out as a debt collector.

12. In response to paragraph 12 of Plaintiff's Complaint, Defendant RCS affirmatively asserts that it is a subsidiary of SFG.

13. In response to paragraph 13 of Plaintiff's Complaint Defendant RCS states that no response is required because said paragraph seeks a conclusion of law. To the extent that a response is deemed necessary, Defendant RCS admits that at times, it is a debt collector as defined by the FDCPA. To all other extents, RCS has insufficient information and knowledge to either admit or deny the allegations therein set forth and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof.

14. In response to paragraph 14 of Plaintiff's Complaint Defendant RCS states that no response is required because said paragraph seeks a conclusion of law. To the extent that a response is deemed necessary, Defendant RCS admits that it is a debt collector. RCS affirmatively states that it is not an attorney. To all other extents, RCS has insufficient information and knowledge to either admit or deny the allegations therein set forth and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof.

15. In response to paragraph 15 of Plaintiff's Complaint Defendant RCS states that no response is required because said paragraph seeks a conclusion of law. To the extent a response is required, RCS has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof.

16.     Defendant RCS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 16 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof.

17.     In response to paragraph 17 of Plaintiff's Complaint, Defendant RCS admits all allegations against it.  To all other extents, RCS has insufficient information and knowledge to either admit or deny the allegations therein set forth and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof.

18.     In response to paragraph 18 of Plaintiff's Complaint Defendant RCS states that no response is required because said paragraph seeks a conclusion of law.  To the extent that a response is deemed necessary, Defendant RCS admits, upon information and belief, that Plaintiff incurred and failed to pay for a financial obligation.  To all other extents, RCS has insufficient information and knowledge to either admit or deny the allegations therein set forth and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof.

19.     In response to paragraph 19 of Plaintiff's Complaint Defendant RCS states that no response is required because said paragraph seeks a conclusion of law.  To the extent that a response is deemed necessary, RCS has insufficient information and knowledge to either admit or deny the allegations therein set forth and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof.

20.     Defendant RCS admits, upon information and belief, the allegations set forth in paragraph 20 of Plaintiff's Complaint.

21.     In response to paragraph 21 of Plaintiff's Complaint, Defendant RCS states that Exhibit 1 speaks for itself, while denying the contents of said paragraph to the extent, if any, that it misinterprets, misrepresents or otherwise misconstrues the contents of Exhibit 1.

22.     In response to paragraph 22 of Plaintiff's Complaint Defendant RCS states that no response is required because said paragraph seeks a conclusion of law.  To the extent a response is required, RCS has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof.

1      23.     Defendant RCS denies the allegations set forth in paragraph 23.

2      24.     In response to paragraph 24 of Plaintiff's Complaint, Defendant RCS states that Exhibit 1, and the affidavit attached thereto, speak for themselves, while denying the contents of said paragraph to the extent, if any, that it misinterprets, misrepresents or otherwise misconstrues the contents of Exhibit 1 and the referenced affidavit.

25.     In response to paragraph 25 of Plaintiff's Complaint Defendant RCS states that no response is required because said paragraph seeks a conclusion of law. To the extent a response is required, RCS denies all allegations against it.

26.     In response to paragraph 26 of Plaintiff's Complaint Defendant RCS states that no response is required because said paragraph seeks a conclusion of law. To the extent a response is required, RCS denies all allegations against it.

27.     In response to paragraph 27 of Plaintiff's Complaint, Defendant RCS states that Exhibit 1, and the affidavit attached thereto, speak for themselves, while denying the contents of said paragraph to the extent, if any, that it misinterprets, misrepresents or otherwise misconstrues the contents of Exhibit 1 and the referenced affidavit.

28.     In response to paragraph 28 of Plaintiff's Complaint, Defendant RCS states that Exhibit 1, and the affidavit attached thereto, speak for themselves, while denying the contents of said paragraph to the extent, if any, that it misinterprets, misrepresents or otherwise misconstrues the contents of Exhibit 1 and the referenced affidavit.

29.     In response to paragraph 29 of Plaintiff's Complaint Defendant RCS states that no response is required because said paragraph seeks a conclusion of law. To the extent a response is required, RCS denies all allegations made against it.

30.     In response to paragraph 30 of Plaintiff's Complaint Defendant RCS states that no response is required because said paragraph seeks a conclusion of law. To the extent a response is required, RCS denies all allegations against it.

31.     In response to paragraph 31 of Plaintiff's Complaint, Defendant RCS admits that it is a subsidiary of SFG but denies that SFG is liable for any alleged claims against RCS.

///

1   32.  In response to paragraph 32 of Plaintiff's Complaint, Defendant RCS denies that the "Umbrella Class" alleged by Plaintiff exists or is appropriate.

33.  Defendant RCS denies the allegations set forth in paragraph 33 of Plaintiff's Complaint.

34.  Defendant RCS denies the allegations set forth in paragraph 34 of Plaintiff's Complaint, and all of its subparts.

35.  Defendant RCS denies the allegations set forth in paragraph 35 of Plaintiff's Complaint.

36.  Defendant RCS denies the allegations set forth in paragraph 36 of Plaintiff's Complaint.

37.  Defendant RCS denies the allegations set forth in paragraph 37 of Plaintiff's Complaint.

38.  Defendant RCS denies the allegations set forth in paragraph 38 of Plaintiff's Complaint.

39.  Defendant RCS denies the allegations set forth in paragraph 39 of Plaintiff's Complaint.

40.  In response to paragraph 40 of Plaintiff's Complaint, Defendant RCS admits that Plaintiff seeks a "hybrid class" but denies that any class is appropriate as it has not violated any law.

41.  In response to paragraph 41 of Plaintiff's Complaint, Defendant RCS restates and realleges paragraphs 1 through 40 as though fully stated herein.  RCS further states that it has insufficient information and knowledge as to who the "she" referenced in said paragraph is.

42.  Defendant RCS denies the allegations set forth in paragraph 42 of Plaintiff's Complaint.

43.  In response to paragraph 43 of Plaintiff's Complaint, Defendant RCS restates and realleges paragraphs 1 through 42 as though fully stated herein.  RCS further states that it has insufficient information and knowledge as to who the "she" referenced in said paragraph is.

///

1    44.    Defendant RCS denies the allegations set forth in paragraph 44 of Plaintiff's Complaint.

2    45.    Defendant RCS denies the allegations set forth in paragraph 45 of Plaintiff's Complaint.

3    46.    In response to paragraph 46 of Plaintiff's Complaint, Defendant RCS restates and realleges paragraphs 1 through 45 as though fully stated herein.  RCS further states that it has insufficient information and knowledge as to the identity of "her" as referenced in said paragraph.

4    47.    Defendant RCS denies the allegations set forth in paragraph 47 of Plaintiff's Complaint.

5    48.    In response to paragraph 48 of Plaintiff's Complaint, Defendant RCS restates and realleges paragraphs 1 through 47 as though fully stated herein.  RCS further states that it has insufficient information and knowledge as to the identity of "her" as referenced in said paragraph.

6    49.    Defendant RCS denies the allegations set forth in paragraph 49 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's Complaint is uncertain as it refers to multiple code sections that do not exist. Plaintiff refers to California Civil Code sections 1788.31(c)(2)(B), 1788.31(b) and 1788.31(d) as the grounds for relief but those sections do not exist.

### Third Affirmative Defense

SFG is not a debt collector and did not conduct business in California.  Thus, jurisdiction as to SFG is not appropriate.

///

///

**Fourth Affirmative Defense**

Any violation of the law or damage suffered by Plaintiff, which Defendant SFG denies, was due to the affirmative actions and/or omissions of others and does not give rise to any claims or resulting liability of Defendant SFG.

**Fifth Affirmative Defense**

Without conceding that any act of Defendant caused damage to Plaintiff in any respect, this Defendant alleges it is entitled to offset and recoup against any judgment that may be entered for the Plaintiff, all obligations of the Plaintiff owing to this Defendant.

**Sixth Affirmative Defense**

As a result of the acts and omissions in the matters relevant to this complaint, Plaintiff has unclean hands and is therefore barred from asserting any claim against this Defendant. Specifically, Plaintiff has requested or applied for the credit account at issue, knowing that he will be unable to pay the obligation and as required by the terms and conditions of the credit extension.

**Seventh Affirmative Defense**

Any violation of the FDCPA or RFDCPA, which Defendant SFG denies, was not intentional and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation.

**Eighth Affirmative Defense**

SFG reserves the right to seek its fees and costs pursuant to 15 U.S.C. section 1692k(a)(3) and Cal. Civil. Code section 1788.30(e).

WHEREFORE, Defendant RCS prays for judgment as follows:

1. Dismissing all causes of action against Defendant RCS with prejudice and on the merits;

2. Awarding Defendant RCS its reasonable attorneys' fees and costs, and,

///

///

///

3. Awarding Defendant RCS such other and further relief as the Court deems just and equitable.

KLINEDINST PC

Dated: November____, 2005        By:    /s/ Ian A. Rambarran
                                        Natalie P. Vance, Esq.
                                        Ian A. Rambarran, Esq.
                                        Attorneys for Defendants,
                                        **RESURGENT CAPITAL SERVICES, L.P. AND SHERMAN FINANCIAL GROUP, LLC**

RESURGENT CAPITAL SERVICES L.P.'S ANSWER TO PLAINTIFF'S COMPLAINT