IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT GALBRAITH,

      Plaintiff,                              No. CIV S 05-2133 KJM

   vs.

RESURGENT CAPITAL SERVICES, et al.,

      Defendants.                    <u>ORDER</u>

_____/

        Defendants' petition to compel arbitration and stay this action came on regularly for hearing September 27, 2006. Douglas Campion and Joshua Swigart appeared for plaintiff. Natalie Vance appeared for defendants. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        In this action, plaintiff alleges he incurred consumer debt with Household Bank/Best Buy and that when he fell behind on payments, defendant Resurgent attempted to collect the debt in violation of the law. Specifically, plaintiff alleges defendant Resurgent failed to provide written notice of his right to dispute the debt or to request verification of the debt as required under 15 U.S.C. § 1692g. Plaintiff further alleges that the affidavit sent by Resurgent to plaintiff did not verify the debt and that the person who signed the affidavit was not an attorney.

1

Plaintiff purports to bring this action on behalf of himself and of a proposed class. Plaintiff has not filed a motion for class certification, and has agreed that the motion to compel arbitration should be resolved before any further litigation in this court.

Defendants petition to compel arbitration, contending that under the agreement plaintiff entered into with Household Bank, all claims arising from or relating to plaintiff's account are to be resolved in arbitration upon the election of either party. Plaintiff contends the defendants here are not entitled to invoke the arbitration clause because they are not signatories to the original contract. Defendants, however, are successors in interest and/or agents of the successors in interest and as such are entitled to the benefits of the arbitration clause under the ordinary principles of contract and agency and the doctrine of equitable estoppel. See Comer v. Micor, Inc., 436 F.3d 1098, 1101 (9th Cir. 2006). Sherman Originator bought the account from Household Bank and can enforce the arbitration clause as a successor in interest because it was assigned all rights and obligations of Household Bank and it is obliged to defend lawsuits concerning claims arising after the sale of the accounts. Sherman Originator, however, has since transferred all rights, interests and obligations to Sherman Acquisition; thus, Sherman Acquisition can invoke the arbitration clause as a successor in interest. Id. Resurgent is the servicing agent of Sherman Acquisition and under agency principles also is entitled to the benefit of the arbitration clause. Id. Finally, Sherman Financial, the named defendant in this action, is entitled to invoke the arbitration clause under principles of equitable estoppel inasmuch as the complaint alleges this defendant's liability arises out of the conduct of Resurgent. Id.; see also First Amended Complaint ¶ 31.

/////

/////

/////

/////

/////

1  Plaintiff also contends this dispute is not covered by the arbitration agreement.
2 The arbitration language is very broad and inclusive.[1]  This dispute arises directly out of
3 plaintiff's failure to make the payments called for in the credit agreement.  The wrongful conduct
4 alleged here flows directly from plaintiff's breach and thus is subject to arbitration.  See Simula,
5 Inc. v. Autoliv, Inc., 175 F.3d 716, 719 (9th Cir. 1999).

6  Plaintiff further contends the arbitration clause is unenforceable because it is both
7 procedurally and substantively unconscionable.  The court finds that under both California and
8 Nevada law it is neither.  Plaintiff signed a credit application, which noted the arbitration
9 provision, and the credit agreement plainly describes the terms of arbitration.  Def'ts' Ex. B, § 6.
10 There is no procedural unconscionability in the circumstances presented here.  Plaintiff also
11 contends the agreement contains a class action waiver and is therefore substantively
12 unconscionable.  Plaintiff, however, does not allege any scheme to defraud; in fact, plaintiff does
13 not allege that the debt giving rise to the instant action was not incurred by him.  In the context
14 of this case, the class action waiver does not render the arbitration clause substantively
15 unconscionable.  See Discover Bank v. Superior Court, 36 Cal. 4th 148 (2005).  The court also
16 finds no substantive unconscionability in the arbitration fees provision.
17 /////

---

[1] Specifically, the arbitration clause provides, in pertinent part:

> Any claim, dispute, or controversy (whether based upon contract;
> tort, intentional or otherwise; constitution; statute; common law; or
> equity and whether pre-existing, present or future), including
> initial claims, counter-claims, cross-claims and third party claims,
> arising from or relating to this Agreement or the relationships
> which result from this Agreement, including the validity or
> enforceability of this arbitration clause, any part thereof or the
> entire Agreement ("Claim"), shall be resolved, upon the election of
> you or us, by binding arbitration pursuant to this arbitration
> provision and the applicable rules or procedures of the arbitration
> administrator selected at the time the Claim is filed.

Def'ts' Mem. P. & A. in Supp. Mot. to Compel, Ex. B at 4.

1      Accordingly, IT IS HEREBY ORDERED that:

2      1. Defendants' petition to compel arbitration is granted.

3      2. This action is stayed.  The parties shall notify the court within ten days of the completion of arbitration proceedings.

5      3. The Clerk of Court is directed to administratively close this action pending such notification.

DATED:  October 19, 2006

_____
U.S. MAGISTRATE JUDGE

006/galbraith.oah