KLINEDINST PC
1107 9TH ST., STE. 680
SACRAMENTO, CALIFORNIA 95814

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT W. GALBRAITH individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RESURGENT CAPITAL SERVICES SHERMAN FINANCIAL GROUP LLC,<br><br>Defendant. | Case No.   2:05-CV-02133-KJM<br><br><br>PRELIMINARY APPROVAL ORDER |

A. This matter coming before the Court on the Parties' Joint Application for preliminary approval of a Class Settlement Agreement ("Settlement Agreement"), between Plaintiff Robert W. Galbraith, and Defendants, Resurgent Capital Services LP and Sherman Financial Group LLC, (collectively "Defendants"), which is attached to the Joint Application as Exhibit 1;

B. The Settlement Agreement is submitted to the Court for approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

C. Pursuant to the Settlement Agreement, Defendants agree to certification of a class action as a **Rule 23(b)(3)** class with class notice provided to the class members as described in the Settlement Agreement by first class mail;

D.  Pursuant to the Settlement Agreement, Defendants will mail the Notice and pay all costs for providing Notice to the class;

**IT IS HEREBY ORDERED:**

1.  Pursuant to Rule 23, this case is certified under Rule 23(b)(3) as a class action against Defendants.

2.  The Court finds that the proposed settlement is within the range of fairness and reasonableness and grants preliminary approval to it. The Class Action Settlement Agreement (Exhibit A to the Joint Application for Preliminary Approval) is preliminarily approved.

3.  For the purposes of settlement, the parties stipulate to the certification of a class defined as:

> (a) all persons with addresses within the State of California, (b) who were sent a written communication by Resurgent Capital Services, LP, (c) regarding a consumer debt, (d) which included an affidavit signed by a non-lawyer and contained a signature block indicating that the person signing the affidavit is an "attorney-in-fact" in the same form of Exhibit 1 attached to the Complaint filed in *Robert W. Galbraith v. Resurgent Capital Services LP and Sherman Financial Group, LLC*, Case No. 2:05-CV-02133-DFL-KJM, (e) which was represented to be verification of the consumer recipient's debt, (f) which were not returned undelivered by the United States Postal Service, and (g) which were mailed on or after October 21, 2004, up to the date on which the Court grants preliminary approval to the settlement. Excluded from the Class are Defendants, their employees and agents and persons that were never sent a letter in the form of Exhibit 1 to Plaintiff's Complaint.

The parties represent that the Class described above includes approximately 3,618 persons, which includes 351 persons that have paid off their accounts at issue.

4.  Defendants shall be responsible for all costs associated with the preparation and mailing of the Notice as described herein, and shall provide Plaintiff's counsel with Notice Process Status Updates and a Class List as set forth in The Class Action Settlement Agreement.

5.  Hyde & Swigart and the Law Offices of Douglas J. Campion are appointed as class counsel.

6.  A final approval hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it, the incentive payment to Plaintiff, and the request for

fees and expenses by counsel for the class will be held before this Court, in courtroom no. 26 at 501 I Street, 8th Floor, on **April 9, 2008 at 10:00 am.**

7.  The Court approves the proposed form of notice to the class, with non-substantive modifications as shown in the attachment to this order, incorporated herein.  The notice shall be directed to the last known address of the class members as shown on Defendants' records.  Defendants will mail, or cause to be mailed notice to class members within thirty (30) days of filing of the Preliminary Approval Order.  Defendants will have the notice sent by First Class, Inc. Specialized Mailing Services.  Any notice that is returned with a forwarding address will be re-mailed to the forwarding address. No later than fifteen (15) days prior to the date set for the Final Approval hearing, a declaration shall be filed with the Court by the entity responsible for the mailing of the Notice to the Class attesting to the facts in support of such mailing in compliance with this Order.

8.  The Court finds that mailing of the class notice, in the form attached to this order, and the other measures specified above to locate and notify members of the class is the only notice required and that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23(c)(2)(B).

9.  Class members shall have until **Friday, March 14, 2008** to opt out or object to the proposed settlement.  Any class members who desire to exclude themselves from the action must mail a request for exclusion to Plaintiff's Counsel as set forth in the Notice postmarked by that date. Any class members who wish to object to the settlement must submit an objection in writing by **March 14, 2008** to the Clerk of the United States District Court for the Eastern District of California, Sacramento Division, and serve copies of the objection on counsel for Plaintiff, postmarked by that date.  Any objection must include the name and number of the case and a statement of the reasons why the objector believes that the Court should find that the proposed settlement is not in the best interests of the class.  If the objector intends to object in person at the hearing, they must notify the Clerk of the Court of that intention in writing by **March 14, 2008** and serve a copy of that notice on Plaintiff's counsel postmarked by that date.

The counsel identified in the Notice shall share information on communications from class members with all other counsel identified in paragraph 29 of the Class Settlement Agreement Recitals submitted to the Court on December 21, 2007.

10. The Court shall also determine at the Final Approval Hearing whether to approve the $2,000 incentive payment to the Class Representative and whether to approve attorneys' fees and costs payable by Defendants to Class Counsel in the amount agreed upon by the Class Representative and counsel of $40,000.

11. The Final Approval Hearing may, from time to time and without further notice to the Settlement Class, be continued or adjourned by order of the Court.

12. The Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement that are not materially inconsistent with this Order or the terms of the Settlement Agreement.

13. Capitalized terms used and not otherwise defined herein will have the meanings set forth in the Settlement Agreement.

DATE: January 8, 2008.

_____
U.S. MAGISTRATE JUDGE