UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT W. GALBRAITH** individually and on behalf of others similarly situated,<br><br>                    Plaintiff,<br><br>           v.<br><br>**RESURGENT CAPITAL SERVICES, SHERMAN FINANCIAL GROUP LLC,**<br><br>                    Defendants. | Case No.    2:05-CV-02133-KJM<br><br><br><br>**FINAL APPROVAL ORDER** |

1.      On January 8, 2008, this court preliminarily approved the Class Settlement Agreement reached between Plaintiff and Defendants, Resurgent Capital Services LP and Sherman Financial Group LLC (collectively "Defendants"). The court approved a form of notice for mailing to the class. The Defendants, through counsel, have filed a declaration with the court stating the Notices of Class Action Settlement of the proposed settlement (the "Settlement Notice") and the opportunity to request exclusion from the Class were mailed to the Settlement Class members as ordered by the court in the Preliminary Approval Order. The court is informed that actual notice was sent by first-class mail to approximately 3,571 class members (counting couples and other joint persons as a single class member). A total of 372 envelopes were returned by the United States Postal Service marked not deliverable with no forwarding addresses available, and 17 envelopes were returned and re-mailed to a forwarding

address. Seven (7) class members requested exclusion and no objections were filed or received. A list of those persons requesting exclusion is attached hereto as Exhibit A. Those persons shall be excluded from the Settlement Class.

        2.    The Settlement Class approved in the Preliminary Approval Order is as follows: (a) all persons with addresses within the State of California, (b) who were sent a written communication by Resurgent Capital Services, LP, (c) regarding a consumer debt, (d) which included an affidavit signed by a non-lawyer and contained a signature block indicating that the person signing the affidavit is an "attorney-in-fact" in the same form of Exhibit 1 attached to the Complaint filed in Robert W. Galbraith v. Resurgent Capital Services LP and Sherman Financial Group, LLC, Case No. 2:05-CV-02133-KJM, (e) which was represented to be verification of the consumer recipient's debt, (f) which were not returned undelivered by the United States Postal Service, and (g) which were mailed on or after October 21, 2004, up to the date on which the court grants preliminary approval to the settlement. Excluded from the Class are Defendants, their employees and agents, and those persons that were never sent a letter in the form of Exhibit 1 to the Complaint.

        3.    On April 9, 2008, the court held a fairness hearing to which class members, including any with objections, were invited. The court, being fully advised in the premises, hereby finds and orders:

        4.    The court finds that the provisions for notice to the class satisfy the requirements of Federal Rule of Civil Procedure and due process. The court having determined that, as to the Settlement Class, the Litigation meets all the prerequisites of Rule 23(a) of the Federal Rules of Civil Procedure, and that Plaintiff and Plaintiff's Counsel are adequate representatives of the Settlement Class.

        5.    The definitions and terms set forth in the Settlement Agreement dated December 17, 2007, attached as Exhibit A to the Joint Application for Preliminary Approval filed December 21, 2007, are hereby incorporated in this Final Approval Order ("Final Judgment").

6. The Members of the Settlement Class that have filed requests for exclusion, if any, are not bound by this Judgment. They are listed in Exhibit A attached hereto. Settlement Class Members who have duly and timely requested such exclusion may only pursue their own individual remedies, if any, as allowed by law. The Members of the Settlement Class who did not timely request exclusion are bound by this Final Judgment and by the Settlement Stipulation, including the releases provided for in this Final Judgment and pursuant to the Settlement Stipulation. The court grants the parties' joint request for final approval of the Class Settlement Agreement. The court finds that the terms of the Settlement Agreement are fair, reasonable, and adequate to Plaintiff and all members of the Settlement Class. In addition to the other factors stated herein, the court finds the Settlement Agreement to be particularly fair, adequate, and reasonable in light of the risk of establishing liability and damages, and the expense of further litigation.

7. In certifying this action as a plaintiff class action, the court has found and finds that: (1) the members of the Class are so numerous that joinder of all class members in this action is impracticable; (2) there are questions of law and fact common to the members of the Class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the Class; (4) the representative party and his counsel have fairly and adequately protected the interests of the Class; (5) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; (6) a class action was and is superior to other available methods for the fair and efficient adjudication of the controversy, considering, <u>inter alia</u>, (a) the interest of members of the Class in individually controlling the prosecution or defense of separate actions, (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the Class, (c) the desirability or undesirability of prosecuting the litigation of these claims in this particular forum, and (d) the difficulties likely to be encountered in the management of the class action.

8. The court finds that the settlement is fair and reasonable, and hereby approves the Class Settlement Agreement submitted by the parties, including the release and the following provisions:

(a) Plaintiff Robert W. Galbraith, in his individual capacity, will receive $2,000.00 as an incentive payment for serving as class representative, to be paid within five (5) days of the Effective Date.

(b) Each class member who was sent a written communication in the form described in Paragraph 2 above and whose account for which Resurgent Capital Services, LP sent the written communication has not been paid off at the time this Settlement is approved by the court, will get a credit against their account of 11.00% of the amount due and owing at that time.

(c) Each class member to whom a written communication was sent in the form described in Paragraph 2 above was sent who has previously paid off the account for which Resurgent Capital Services, LP sent the written communication, will receive a check for $12.50.

(d) All payments and/or reductions referred to above will be made directly by Defendants or at their direction within thirty (30) days of the Effective Date and all determinations as to which category a class member belongs to (among those defined in paragraphs 8 (b) or 8(c) above) will be made as of the date of disbursement of the relevant payment and/or reduction. As Defendants shall serve as the class administrators and will make the cash payments and provide the 11% credits as agreed upon herein, Defendants shall provide Plaintiff's counsel with Notice Process Status Updates and a Class List as set forth in the Class Action Settlement Agreement entered into between the parties. Defendants' counsel shall provide reasonable information to Plaintiff's counsel upon request regarding administration of the class settlement to ensure compliance with this Agreement and any Orders requiring implementation of this Agreement. The court shall retain jurisdiction to oversee any disputes about those issues.

(e) Plaintiff's counsel has petitioned the court for attorneys' fees and costs and expenses of this lawsuit, in an amount of $40,000.00. Defendants agree to pay a maximum of

$40,000.00 for attorneys' fees and costs.  The amount of $40,000.00 as attorneys' fees and costs is hereby awarded to Plaintiff's counsel.  The attorneys' fees and costs awarded by the court shall be paid by Defendants by check within five (5) days of the Effective Date, made payable to The Law Offices of Douglas J. Campion.

9. Plaintiff and the members of the class grant Defendants the following release:

(a) Plaintiff hereby remises, releases and forever discharges RESURGENT CAPITAL SERVICES LP and its present or former partners, attorneys, members, principals, insurers, parents, officers, directors, representatives, employees, agents, servants, predecessors, successors, subsidiaries, affiliates, shareholders, independent contractors, heirs, executors, administrators, and assigns, and SHERMAN FINANCIAL GROUP LLC and its present or former partners, attorneys, members, principals, insurers, parents, officers, directors, representatives, employees, agents, servants, predecessors, successors, subsidiaries, affiliates, shareholders, heirs, executors, administrators, and assigns (hereinafter collectively "RELEASED PARTIES"), of and from all causes of action, suits, claims, demands, liabilities, judgments, debts, charges, and damages including any indemnity claims for payment of attorneys' fees and costs, that were made or which could have been made by Plaintiff on behalf of himself or on behalf of the Class in this action, or by any individual member of the Class, in law or in equity, for anything of any kind or nature whatsoever, known or unknown at this time, that occurred from the beginning of time up through and including the date the court sets for the Class members to opt out or object to the settlement relating to the matters alleged in this lawsuit.  This release is conditioned upon the approval of the Agreement by the court and Defendants meeting their obligations therein.

(b) Each class member not excluding himself or herself ("opting out") from the Class releases and discharges the RELEASED PARTIES of and from all causes of action, suits, claims, demands, liabilities, judgments, debts, charges, and damages against the RELEASED PARTIES including any indemnity claims for payment of attorneys' fees and costs, that were made or which could have been made, in law or in equity, for anything of any kind or nature

1  whatsoever, known or unknown at this time, that occurred from the beginning of time up
2  through and including the date the court sets for the Class members to opt out or object to the
3  settlement, relating to the matters alleged in this lawsuit.

      10.    Plaintiff and the class members acknowledge, warrant, and represent that they are aware of and familiar with section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiff and the class members acknowledge, warrant, and represent that they understand the effect and import of California Civil Code section 1542 and that they have had the opportunity to consult with counsel, have consulted with counsel or opted against consulting with counsel, and that they elect and hereby waive and relinquish all rights and benefits which they may have under California Civil Code section 1542 or the law of any other state or jurisdiction, or common law principle, to the same or similar effect.

      11.    The court finds the Settlement Agreement fair and made in good faith.

      12.    The court dismisses the claims of Plaintiff and the Class against Defendants and the Released Parties with prejudice and without costs (other than what has been provided for in the Settlement Agreement). The court awards attorneys' fees and costs of $ 40,000.00 to Hyde & Swigart and the Law Offices of Douglas J. Campion, payable as set forth in paragraph 8(e) above.

      13.    The claims alleged by Plaintiff are hereby dismissed with prejudice as to Plaintiff and all members of the Settlement Class; and this dismissal shall, to the maximum extent permitted by law, operate as res judicata and collateral estoppel so as to bar any future suits under those provisions so long as they arise from or are related to the subject matter of this lawsuit during the Class Period (defined as the period of time beginning on October 21, 2004, up to the date on which the court granted preliminary approval to the settlement).

14. The court retains jurisdiction over all parties to this action for purposes of the interpretation, enforcement and implementation of the Settlement Agreement and of this Order.

DATE:  April 11, 2008.

_____
U.S. MAGISTRATE JUDGE

# **EXHIBIT A**

PERSONS THAT HAVE REQUESTED TO BE EXCLUDED FROM THE CLASS:

1. James Boshears

2. Mary Alice Kelly

3. Davis Espinoza

4. Robert Cruzan

5. Mieczyslawa Stein

6. Eric A. Nelson

7. David Shepard